**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARISOL NAVARRO AGUILAR, AKA
Rosa Marie Navarro,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70749

Agency No. A077-408-946

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023[**]
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District
Judge.

Petitioner Marisol Navarro Aguilar, a native and citizen of Mexico, petitions

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

for review of the Board of Immigration Appeals' ("BIA") dismissal of her application for withholding of removal based on an adverse credibility determination. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1.	The agency's adverse credibility determination is reviewed for substantial evidence, "[t]aking the totality of the circumstances into account." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). We may only reverse if the record evidence compels the conclusion that Aguilar was credible. *See, e.g.*, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see also Shrestha v. Holder*, 590 F.3d 1034, 1041–44 (9th Cir. 2010). Aguilar therefore bears "a substantial burden" to show the BIA's denial of relief on adverse credibility grounds should be reversed. *Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021).

To the extent Aguilar argues that the BIA erred in affirming the adverse credibility determination because it relied on inconsistencies in her testimony concerning the nature and extent of abuse Aguilar suffered from her former partner, the BIA explicitly noted that it did "not rely upon" Aguilar's failure to describe the abuse during her reasonable fear interview in affirming the Immigration Judge's ("IJ") adverse credibility determination.

Aguilar does not otherwise contest that the agency's adverse credibility determination was based on significant discrepancies in the narrative underlying

her asylum claim. Instead, for the first time on appeal, she contends that her reasonable fear interview, her asylum application, and an untranslated declaration appended to her asylum application are unreliable and therefore cannot form the basis of an adverse credibility determination. It appears that these arguments were not exhausted before the BIA, but even if they were, the materials are not inherently unreliable and could serve as a basis for the agency's adverse credibility determination. And because there is no argument the adverse credibility determination is not supported by substantial evidence, we deny the petition on this ground.

2. Claims of due process violations in immigration proceedings are reviewed de novo, and the agency's decision will be reversed on due process grounds only if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted).

Aguilar raises two due process challenges. First, she contends the IJ violated her due process rights when it denied a continuance so Aguilar's expert witness could testify regarding the potential harm Aguilar would face if forced to return to Mexico. But as the BIA rightly noted, the testimony Aguilar sought from

3

her expert "would not change the ultimate conclusion" that she was not credible, and therefore the IJ's denial of the requested continuance could not have affected the outcome of the proceedings. Aguilar therefore fails to show she suffered prejudice as a result of this alleged due process violation. *See id.*

Second, Aguilar contends her due process rights were violated when the IJ failed to issue a ruling on her request for subpoenas *ad testificandum*. The IJ, however, declined to issue the subpoenas because Aguilar failed "to show affirmatively that . . . she ha[d] made diligent effort, without success," to produce the witnesses without resort to a subpoena as required by 8 C.F.R. § 1003.35(b). The IJ gave Aguilar an opportunity to submit requests including this information, but Aguilar failed to do so. Because the IJ's refusal to issue the requested subpoenas was in accordance with the regulations, Aguilar's second due process claim also fails.

**PETITION FOR REVIEW DENIED.**